**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| IN RE: Robert M. Battaglia )<br>)<br>)<br>Debtor-in-Possession. )<br>_____ )<br>)<br>Lisa McConnell )<br>    Plaintiff )<br>v. )<br>Robert Battaglia )<br>    Defendant ) | Chapter 11<br>Case No. 15-70629<br><br><br><br><br><br>Adv No. 15-07038 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Robert M. Battaglia, Debtor-in-Possession ("Debtor" and/or "Defendant"), by and through counsel, and files the following Memorandum of Law in Support of his Motion to Dismiss and Motion to Abstain the adversary of Lisa McConnell.

### I. STATEMENT OF FACTS

A. Allegations in the Adversary

The allegations of the Complaint are that Plaintiff was appointed Receiver of a corporation known as Racing Reflections, Inc ("Racing Reflections" or "the Corporation"). Complaint in Adversary Action 15-70628 [DOC. 127] ("Adversary") at ¶4.

The Adversary alleges that the Debtor disposed of assets of Racing Reflections in violation of § 523(a)(2) and that the Corporation plaintiff suffered damages in the amount of $1 million. *Id. at ¶5.* Plaintiff alleges further that Defendant breached a fiduciary

1

duty owed to Plaintiff as well as embezzled funds of Racing Reflections and "as such are non-dischargeable pursuant to § 523(a)(4)." *Id. at ¶8.* The final cause of action states that Defendant "collected the proceeds of over $1 million on the dissipation of the corporate assets for his personal benefit and the sale of corporate assets" and willfully and maliciously converted those proceeds to this own use and that such conversion is non-dischargeable under §523(a)(6). *Id. at ¶9-10*

B. Prior State Court Proceedings

Plaintiff had previously requested stay relief in this Court to pursue a prior state court suit involving the same parties and same allegations. [DOC 46 Motion for Relief from Stay]. Plaintiff filed a case against Defendant on September 6, 2005, styled, *Michael Gonzalez v. Racing Reflections, Inc; Robert Battaglia; Crystal Battaglia; Joseph R. Battaglia and Selina Battaglia,* Case No. CH05-205. ("the State Court action") a in the Circuit Court of Smyth County, Virginia, ("Circuit Court").[1] (In support of his Motion for Stay Relief, Plaintiff attached pleadings from the Circuit Court action [DOC 73.1, 73.2, 73.3] and further submitted the Order of the Circuit Court showing Lisa McConnell as Receiver of Racing Reflections and appointing her as Special Commissioner on or about December 14, 2014. [DOC 73.5] (A true and correct copy of the Order granting the appointment of the Receiver is attached to this Memorandum as Exhibit "A" and is also attached by Plaintiff to her Adversary as Ex. A.)[2]

---

[1] To the extent necessary to consider materials outside the pleadings, Defendant requests that this Motion be treated as a Motion for Summary Judgment. F. R. Civ. P. 12 (d).

[2] There is also pending in the Circuit Court of Smyth County, Virginia, an action brought by Debtor against Plaintiff, Case No. CH04-08 filed in 2004.

2

## II. ARGUMENT AND CITATION OF AUTHORITY

Under Rule 12(b)(6), a Court accepts factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court does not, however, have to accept legal conclusions or a "'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*A. This matter is not a core proceeding and judgment cannot be entered by this Court.*

In *Northern Pipeline Constr. Co*. v. *Marathon Pipe Line Co*., 458 U. S. 50 (1982), and in *Stern* v. *Marshall*, 564 U. S. ___, 131 S. Ct. 2594(2011), the Supreme Court held that Congress violated Article III by authorizing bankruptcy judges to decide certain claims for which litigants are constitutionally entitled to an Article III adjudication. A bankruptcy court's statutory authority depends on whether Congress has classified the matter as a "[c]ore proceedin[g]" or a "[n]on-core proceedin[g]," §§157(b)(2), (4). A bankruptcy court may have statutory authority to hear a "core proceeding" under 28 U.S.C. § 157, yet have no Constitutional authority to issue a final judgment in that proceeding. *Stern v. Marshall,* 131 S. Ct. 2594, 2608 (2011). Congress delegated to the Bankruptcy Courts adjudicatory authority, subject to the district courts' review, allowing bankruptcy litigants to waive the right to Article III adjudication. <u>Wellness Int'l, Ltd. v. Sharif</u>, 135 S. Ct. 1932, 1945 (2015).

Here Defendant submits that this matter is not a core proceeding. That is, Plaintiff alleges a "debt" but none has been proven in the prior State Court action. This matter is instead a matter otherwise related to a bankruptcy case, that, is non-core and Debtor does not consent to suit under 28 U.S.C. §157.

3

In this matter, the Debtor did not seek removal of the State Court lawsuit to this Court under F. R. Bank P. 9027. The Debtor believes that the State Court is competent to resolve the issues which are before it, and that the allegations are essentially questions of State corporate law. Debtor does not believe it to be in his best interests or in the interests of judicial economy to now start over with this suit in another Court. For this reason, Debtor does not consent to the jurisdiction of this non-core matter before this court. [3]

*B. Plaintiff's Adversary should be dismissed as having been brought outside the statute of limitations.*

This Adversary should be dismissed as having been brought outside the statute of limitations set forth in Va. Code § 8.01-248. The causes of action alleged by the Plaintiff as stated in the Adversary accrued in 2005, well outside of the Virginia two-year general statute of limitations.

A portion of the allegations stated in the Adversary appear to allege breach of fiduciary duty. Under Virginia law a breach of fiduciary duty is governed by the two-year "catchall statute" in Code §8.01-248. To the extent that the allegations essentially allege fraud, the statute of limitations for fraud is also two years, Va. Code §8.01-243, subject to a discovery rule in §8.02-249. Because the allegations by Plaintiff accrued more than two years ago, i.e., in 2005, they are outside the statute of limitations. [4]

---

[3] The allegations in the related case pending in Circuit Court would require the Debtor to bring a counter-claim to the Adversary which would fall directly within the parameters of Stern v. Marshall, 131 S. Ct. 2594, 2608 (2011).

[4] Plaintiff further could have removed the State Court Action to this court. Under Rule F. R. Bank P. 9027. A Notice of removal would have been required no later than 90 days from the Order of Relief (May 5, 2015).

4

*C. This Court should abstain under 28 U.S.C. § 1334(c).*

The action in the Circuit Court of Smyth County alleges the same matters as alleged in the Adversary. A true and correct copy of the Complaint ("the State Court action") is attached hereto as Exhibit "B". There is also pending a case involving the same parties filed on June 10, 2004, CH04-08 and styled, *Racing Reflections, Inc. v. Michael Gonzalez; Edwin Russell and Good Tymes Enterprises, Inc.,* a true and correct copy of which is attached hereto as Exhibit "C". The State Court action can be timely adjudicated. The appointment of the Receiver in December 2014, who has already set hearings in the case indicates that the case will be completed. The Court therefore must abstain from hearing this Adversary Proceeding pursuant to 28 U.S.C. § 1334(c)(2).

Although the statutes refer to abstention by the "District Court," most cases have held that the Bankruptcy Court, after the order of reference, has jurisdiction to abstain in appropriate cases. This Court therefore assumes that under the general order of reference issued by the District Court, it has jurisdiction to determine whether or not abstention is appropriate. *Caswell v. Lang*, 757 F.2d 608 (4th Cir.1985); *In re Branham*, 149 B.R. 406 (Bankr. W.D. Va., 1992).

In the alternative, even if this action is not subject to mandatory abstention, the Court should abstain from hearing this matter in the interests of justice, in the interest with comity with the State Court and with respect of state law. In this regard, 11 U.S.C. § 305(a)(1) provides that: "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if— the interests of creditors and the debtor would be better served by such dismissal or suspension." Where abstention is in the interest of justice and comity with State Courts

pursuant to 28 U.S.C. § 1334(c)(1), this Court may and should abstain from hearing the matter.  *See Dudley v. S. Va. Univ.,* No. 11-05040 (Bankr. W.D. Va. decided April 16, 2013).

*D. The Adversary should be dismissed for failure to allege fraud with particularity under Rule 9.*

The fraud claim in this matter should be dismissed under Rule 9 of the Fed R. Civ. Pro (adopted by Rule 7009 of the Fed. R. Bank. Pro) for failure to allege fraud with particularity.  Federal Rule of Civil Procedure 9(b) requires that fraud be pled with specific factual allegations. "Thus, a complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal on a Rule 12(b)(6) motion." Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 980 (4th Cir. 1990). "Generalized, nonspecific allegations" are insufficient to state a valid claim for fraud. Ward's Equip., Inc. v. New Holland North Am., Inc., 254 Va. 379, 385,  493 S.E.2d 516, 520 (1997).

E.  *Counsel for the Receiver has an unwaivable conflict and this case cannot advance the position of the Receiver.*

Counsel for the Receiver has since 2004 represented the interests of Michael Gonzalez in the case pending in the Circuit Court.  As Receiver and especially as Special Commissioner, Ms. McConnell should have independent counsel to represent her interests and that of the corporation.  To represent a minority shareholder and to represent a Special Commissioner, who is essentially a court-appointed neutral, at the same time is an unwaiveable conflict under Virginia Rules of Supreme Court Rule 1.7.(a).  Just as the Receiver must marshal assets and independently investigate any wrongdoing by the majority shareholder that could

6

result in bringing assets back to the corporation, she has the duty to recover any assets removed by the minority shareholder. That is, it is entirely possible that the Receiver could have an action not only against the Debtor but against Mr. Gonzalez. *See In Re Stancraft Corp*. 39 B.R. 748 (Bankr. E.D. Va. 1984). Because there is a significant risk that the representation of one client will materially limit the responsibilities to another client, there is a concurrent conflict that cannot be waived. *See* Rule 1.7.(a)(2).

### III. CONCLUSION

For the foregoing reason, the Adversary in this matter should be dismissed with prejudice.

                Respectfully submitted,

                By: /s/ Mary Foil Russell
                     Of Counsel

Counsel:

Mary Foil Russell
VA BPR 46440
Hale & Russell
P.O. Box 274
Bristol, TN 37621-0274
Telephone: (423) 989-6555